1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

COUPA SOFTWARE INCORPORATED,

Case No. 16-cv-07244-EMC

8

Plaintiff,

9

v.

**ORDER CONDITIONALLY
GRANTING PLAINTIFF'S MOTION
FOR VOLUNTARY DISMISSAL**

10

DCR WORKFORCE, INC.,

11

Defendant.

Docket No. 43

12
13

14    In the instant case, Coupa Software, Inc. has filed suit against DCR Workforce, Inc.  This

15 case is related to an earlier case filed by DCR against Coupa.  *See DCR Workforce, Inc. v. Coupa*

16 *Software Inc.*, No. C-21-6066 EMC (N.D. Cal.).  That case shall hereinafter be referred to as *DCR*

17 *I*.

18    *DCR I* reached a final resolution in May 2023 following a voluntary dismissal by DCR.

19 DCR then filed a new suit – hereinafter referred to as *DCR II* – in state court, pursuing in part

20 claims that it had voluntarily dismissed in *DCR I*.  This led Coupa to file the pending action in

21 which it seeks to enjoin the state court proceedings in *DCR II*.  This Court held a hearing on a

22 motion for a preliminary injunction filed by Coupa.  At the hearing, the Court indicated that it was

23 not inclined to grant the motion.  The Court also noted that the state court could address the merits

24 of Coupa's position that DCR was barred from litigating *DCR II* based on *DCR I* (*i.e.*, due to res

25 judicata).

26    Now pending before the Court is Coupa's motion for voluntary dismissal of this suit.

27 Coupa seeks a dismissal *without* prejudice.  DCR opposes the motion, essentially indicating that

28 the dismissal should be with prejudice.  Alternatively, DCR argues that a dismissal without

United States District Court
Northern District of California

1    prejudice should be conditioned on Coupa paying DCR its attorneys' fees for litigating this case.

2         Having considered the parties' briefs and accompanying submissions, as well as all other

3    evidence of record, the Court finds this matter suitable for resolution without oral argument and

4    thus **VACATES** the hearing on Coupa's motion.  Coupa's motion for voluntary dismissal is

5    hereby **CONDITIONALLY GRANTED**.  The granting of the motion is conditioned on Coupa's

6    dismissal of this case *with* prejudice.

7                    I.        FACTUAL & PROCEDURAL BACKGROUND

8    A.    Relevant Cases

9         As indicated above, in addition to the pending case, there are two other cases are relevant

10   for purposes of adjudicating the pending motion for voluntary dismissal.

11        *DCR I.*  DCR filed this suit against Coupa in 2021.  In its complaint, DCR alleged that it

12   had entered into a contract with Coupa in 2018.  Under the contract, known as the Asset Purchase

13   Agreement, DCR sold, transferred, and assigned certain products to Coupa.  In exchange, DCR

14   was given certain compensation; furthermore, it was entitled to additional compensation if certain

15   benchmarks were achieved.  DCR initiated the suit claiming that Coupa had violated the terms of

16   the Asset Purchase Agreement – *e.g.*, by failing to issue the additional compensation that DCR

17   was owed.  *See generally DCR I* (Docket No. 68) (Order at 1-4).  This Court granted Coupa's

18   motion to dismiss and did not permit amendment because of futility.  *See DCR I* (Docket No. 68)

19   (Order at 21).

20        DCR appealed the dismissal in *DCR I*.  Not all dismissed claims were appealed.  *See*

21   Compl. ¶ 5.  The Ninth Circuit granted in part and reversed in part.  The appellate court upheld

22   dismissal of certain claims but held that, for other claims, this Court should have allowed DCR the

23   opportunity to amend.  *See DCR I* (Docket No. 97) (order).  After the Ninth Circuit's mandate

24   issued, DCR voluntarily dismissed *DCR I* without prejudice.  *See DCR I* (Docket No. 99) (notice

25   of dismissal); *see also* Fed. R. Civ. P. 41(a)(1)(A)(i) (providing that a "plaintiff may dismiss an

26   action without a court order by filing . . . a notice of dismissal before the opposing party serves

27   either an answer or a motion for summary judgment").

28        *DCR II.*  Following the voluntary dismissal of *DCR I*, DCR filed a new suit against Coupa

United States District Court
Northern District of California

2

1  – *DCR II* – in state court.  According to Coupa, "*DCR II* seeks to relitigate the same primary right

2  that [this] Court considered – and dismissed – in *DCR I*."  Compl. ¶ 6.

3       **Pending suit.**  The pending suit filed by Coupa followed.  Coupa alleges that

> DCR should be barred from relitigating this same primary right.
> The federal All Writs Act, 28 U.S.C. § 1651, authorizes federal
> district courts to "issue all writs . . . in aid of" a federal court's
> jurisdiction.  The Anti-Injunction Act, 28 U.S.C. § 2283, authorizes
> federal district courts to enjoin state court proceedings "to protect or
> effectuate" a federal court's judgment.  Equitable relief to enjoin
> *DCR II is* proper here because DCR's decision to split and relitigate
> its claims contravenes principles of res judicata and claim
> preclusion.  DCR had the opportunity in *DCR I* to litigate all of the
> issues relating to the APA's earnout and Holdback Cash provisions
> and, further, to re-plead some of the allegations the District Court
> dismissed with prejudice.  DCR squandered that opportunity when it
> voluntarily dismissed *DCR I*.  In addition to prejudicing Coupa,
> DCR's tactics implicate important public interests because they
> threaten to waste precious judicial resources.  Coupa therefore
> requests that this Court preliminarily and permanently enjoin DCR
> from pursuing *DCR II*.

Compl. ¶ 7.

B.    <u>Motions Filed in this Suit</u>

     Shortly after it filed the complaint in this suit, Coupa filed a motion for preliminary

injunction.  In the motion, Coupa asked the Court to issue a preliminary injunction barring DCR

from pursuing its claims against Coupa in *DCR II*.  Coupa argued that "[f]ederal courts have

authority under the All Writs Act to 'enjoin state court proceedings in order to protect the res

judicata effect of their own judgments.'"  Docket No. 18 (Mot. at 1).  In other words, Coupa took

the position that, in light of what took place in *DCR I*, *DCR II* was barred by the doctrine of claim

preclusion.

     DCR opposed the preliminary injunction motion.  In its opposition, it underscored that

> an injunction of state-court proceedings pursuant to the relitigation
> exception of the Anti-Injunction Act (28 U.S.C. § 2283), in
> particular, is rare indeed because "[d]eciding whether and how prior
> litigation has preclusive effect is usually the bailiwick of the second
> court" (*Smith v. Bayer Corp.*, 564 U.S. 299, 307 (2011)).
> Accordingly, the Ninth Circuit, noting that "the use of injunctions
> against [state court] relitigation poses a disturbing problem for our
> system of justice," has held that there is a "strong presumption"
> against such injunctions.  *Sonner v. Premier Nutrition Corp.*, 49
> F.4th 1300, 1307 (9th Cir. 2022) (citation and quotation marks
> omitted).  For this Court to "resort[] to [the] heavy artillery" of

United States District Court
Northern District of California

3

1

2

enjoining a state- court action, Plaintiff Coupa Software Incorporated ("Coupa") must show that it is "*clear beyond peradventure*" that the state-court case filed by Defendant DCR Workforce, Inc. ("DCR") is barred by res judicata.

3   Docket No. 24 (Opp'n at 1) (emphasis added).  DCR also went to address the merits of the res

4   judicata issue.

5          Briefing on the preliminary injunction motion was completed in late July 2023.  *See*

6   Docket No. 26 (reply, filed on 7/24/2023).  About a week later, DCR filed a motion for judgment

7   on the pleadings in which it made the same basic arguments that it had made in opposition to the

8   preliminary injunction motion.  *See* Docket No. 32 (motion, filed on 8/3/2023).  A week after

9   DCR filed its motion for judgment on the pleadings, the Court held a hearing on Coupa's

10  preliminary injunction motion.  *See* Docket No. 35 (minutes for 8/10/2023 hearing).  Both the

11  transcript of the hearing and the minutes for the hearing reflect that the Court intended to deny the

12  motion for a preliminary injunction because "[Coupa] has not shown that claim preclusion is clear

13  beyond per adventure."  Docket No. 35 (minutes); *see also* Docket No. 39 (Tr. at 5-6, 14-15)

14  (Court stating that "the question of claim preclusion or not . . . there are authorities on each side,

15  but I don't see this as clear beyond peradventure"; "it seems to me the proper thing to do is to say

16  the standard under the Anti-Injunction Act, a very rigorous standard, is not met here, and [this]

17  Court should refrain . . . and let the state court decide the question of claim preclusion or not," and,

18  therefore, "I'm going to deny the injunction and let the state court exercise its intellectual muscle

19  on this one").

20         About two weeks after the preliminary injunction hearing, Coupa filed an opposition to

21  DCR's motion for judgment on the pleadings (which, as noted above, made the same basic

22  arguments that were made in DCR's opposition to the preliminary injunction motion).  *See* Docket

23  No. 42 (opposition).  Then, a week later, Coupa filed the pending motion for voluntary dismissal.[1]

24  In the motion, Coupa asks for a dismissal *without* prejudice.  *See* Fed. R. Civ. P. 41(a)(2).

25

26

27

28

[1] Coupa had to move for relief because, in early August 2023, DCR filed an answer to Coupa's complaint.  *See* Docket No. 30 (answer); *see also* Fed. R. Civ. P. 41(a)(1)(A)(i) (providing that a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment").

United States District Court
Northern District of California

## II.   <u>DISCUSSION</u>

A.   <u>Legal Standard</u>

Federal Rule of Civil Procedure 41 provides in relevant part as follows: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).  "The purpose of Rule 41(a)(2) is to permit the plaintiff to dismiss the action while avoiding prejudice to the defendant through the imposition of curative conditions."  Moore's Fed. Prac. – Civ. § 41.40[1]; *see also Stevedoring Serv. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) ("The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced.").  "A dismissal without prejudice should be denied when the defendant will suffer 'plain legal prejudice,' but should normally be granted in absence of such prejudice."  Moore's § 41.40[5][a]; *see also Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) ("A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result.").

> "[L]egal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." . . . "[U]ncertainty because a dispute remains unresolved" or because "the threat of future litigation . . . causes uncertainty" does not result in plain legal prejudice.  Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal.

*Id.* at 976.

> [C]ourts have enumerated a number of factors relevant to the consideration of whether the defendant will be prejudiced by the grant of a voluntary dismissal without prejudice.  No one set of factors has been adopted in any particular circuit . . . .
>
> Nevertheless, the factors most commonly considered on a motion for a voluntary dismissal are: (1) the extent to which the suit has progressed, including the defendant's effort and expense in preparing for trial, (2) the plaintiff's diligence in prosecuting the action or in bringing the motion, (3) the duplicative expense of relitigation, and (4) the adequacy of plaintiff's explanation for the need to dismiss.  Other factors that have been cited include whether the motion is made after the defendant has made a dispositive

United States District Court
Northern District of California

1    motion or at some other critical juncture in the case and any
     vexatious conduct or bad faith on plaintiff's part.

2    Moore's § 41.40[6].  Another factor particularly pertinent here is "'whether the plaintiff is

3    requesting a voluntary dismissal only to avoid a near-certain adverse ruling.'"  *Telegram*

4    *Messenger Inc. v. Lantah*, LLC, No. 18-cv-02811-CRB, 2020 U.S. Dist. LEXIS 153614, at *10

5    (N.D. Cal. Aug. 24, 2020) (quoting *Maxum Indem. Ins. Co. v. A-1 All Am. Roofing Co.*, 299 F.

6    App'x 664, 666 (9th Cir. 2008)); *see also* Moore's § 41.40[7][b][v] ("District courts have broad

7    discretion to deny a motion for voluntary dismissal when the purpose is to avoid an adverse

8    determination on the merits of the action.").

9    B.    Legal Prejudice

10          DCR argues that it would suffer plain legal prejudice if the Court were to dismiss *without*

11   prejudice for two reasons: (1) Coupa is moving to dismiss without prejudice in order to avoid a

12   near-certain adverse ruling (which would be a dismissal *with* prejudice); and (2) a dismissal

13   without prejudice would mean that DCR could not assert prevailing party status, a predicate to

14   attorneys' fees.  DCR's first argument is persuasive.

15          At the time that Coupa filed its motion for voluntary dismissal, two things had already

16   occurred: (1) the Court had held its hearing on Coupa's motion for preliminary injunction at which

17   time it indicated that it would be denying the motion because it was not clear beyond peradventure

18   that res judicata barred *DCR II* (and that therefore Coupa should take up the issue with the state

19   court) and (2) DCR had filed a motion for judgment on the pleadings making the same basic

20   argument that the Court should not enjoin *DCR II* since it was not clear beyond peradventure that

21   res judicata was a bar.  Since the Court indicated that it would be ruling against Coupa on the

22   preliminary injunction motion (*i.e.*, it would not enjoin *DCR II*), there is no reason why Coupa

23   would expect to successfully oppose DCR's motion for judgment on the pleadings.

24          In its reply brief, Coupa argues that "there is no rule that a pending dispositive motion bars

25   voluntary dismissal."  Reply at 3.  This is true.  However, Coupa ignores that the writing on the

26   wall was clear as to how the motion for judgment on the pleadings would be resolved – *i.e.*,

27   against it and in DCR's favor.  The case on which Coupa relies is distinguishable for this very

28   reason.  *See Egan v. Singer*, No. 14-00177 SOM/BMK, 2014 U.S. Dist. LEXIS 119453, at *5 (D.

*United States District Court*
*Northern District of California*

6

1   Haw. Aug. 27, 2014) (noting that in a decision cited by the defendant, "the district court had

2   indicated prior to the motion for voluntary dismissal how it intended to rule on the underlying

3   claims," but, "[i]n this case, the court has given no such indication"); *see also Hepp v. Conoco,*

4   *Inc.*, 97 Fed. Appx. 124, 125 (9th Cir. 2004) (stating that defendant's "loss of an opportunity to

5   raise a legal argument" was "not an injury to an actual legal right," and therefore was not legal

6   prejudice; "[b]ecause there is nothing in the record establishing that [the defendant] was entitled to

7   have [its] motion granted in its favor, the district court did not abuse its discretion in granting the

8   [plaintiffs'] motion for voluntary dismissal").

9        Likewise, even if, as Coupa argues, some other factors commonly considered for Rule 41

10  motions weigh in Coupa's favor, that is not dispositive.  For instance, even though this case has

11  not progressed much and Coupa has acted fairly quickly in seeking dismissal, those considerations

12  do not outweigh Coupa's attempt to avoid a near-certain adverse judgment.[2]

13  C.   Remedy

14       Because DCR has established legal prejudice, Coupa's request for a voluntary dismissal

15  *without* prejudice may be denied.  The Court, however, has the authority to grant the motion for

16  voluntary dismissal conditioned on a dismissal with prejudice.  *See, e.g.*, Moore's §

17  41.40[10][d][vii] ("The district court may impose a condition on a voluntary dismissal requiring

18

19  ───────────────

20  [2] Because DCR's first argument on legal prejudice has merit, the Court need not entertain DCR's
    second argument.  The Court notes, however, that the second argument appears problematic.  Even
21  if the unpublished authority cited by DCR were binding, *see United States v. Ito*, 472 Fed. Appx.
    841, 842 (9th Cir. 2012) (vacating dismissal without prejudice because "dismissal without
22  prejudice precludes prevailing party status," and "[w]ithout prevailing party status, the Itos were
    unable to bring their attorney's fees motion under the Civil Asset Forfeiture Reform Act[;] [t]he
    Itos suffered plain legal prejudice in losing their ability to move for attorney's fees"), DCR's claim
23  that it would be entitled to fees incurred in *this* suit under the Asset Purchase Agreement is
    questionable.  The Asset Purchase Agreement fee-shifting provision applies where a party prevails
24  on a suit brought to enforce or interpret the Agreement.  DCR's claim that Coupa brought *this* case
    to enforce or interpret the Asset Purchase Agreement is dubious: Coupa filed this case to prevent
25  what it considers relitigation, not to enforce the Agreement, and comparing the claims in *DCR I*
    and *DCR II* involves at most a "look to" or "reference to" the Asset Purchase Agreement.  *Cf.*
26  *Ramirez v. Fox Tel. Station*, 998 F.2d 743, 749 (9th Cir. 1993) (in evaluating preemption under §
    301 of the LMRA, stating that "reference to or consideration of the terms of a collective-
27  bargaining agreement is not the equivalent of interpreting the meaning of the terms"; "[a]lthough
    the line between reference to and interpretation of an agreement may be somewhat hazy, merely
28  referring to an agreement does not threaten the goal that prompted preemption – the desire for
    uniform interpretation of labor contract terms").

United States District Court
Northern District of California

United States District Court
Northern District of California

that the dismissal be with prejudice.  The factors considered in determining whether the dismissal should be with prejudice are essentially the same as those considered in determining whether the dismissal should be permitted at all . . . .  The court may also consider whether the action or claim sought to be voluntarily dismissed is meritorious.").  This approach makes sense from an efficiency standpoint.  Moreover, this approach does not materially affect Coupa as Coupa states outright that it "has no plans to refile in another court" and that "it has never suggested that it intends to do so."  Reply at 3.  To be sure, Coupa argues that there should be a dismissal without prejudice to "avoid a situation in which DCR may attempt to argue that dismissal of this action has a res judicata effect on the state court action.  While such an argument would undoubtedly be meritless, it would unnecessarily complicate an already complicated issue for the state court judge."  Reply at 3 n.1.  This Court does not see how a dismissal of this action with prejudice would affect the res judicata analysis in which the state court would engage.  Dismissal here is based on the reluctance of a federal court to interfere with a matter pending before a state court.  To be clear, the Court is not ruling or otherwise expressing any opinion on the issue of res judicata as that is an issue entirely within the province of the state court.

### III.     CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Coupa's motion for voluntary dismissal but **CONDITIONED** on Coupa agreeing to a dismissal with prejudice.  Within a week of the date of this order, Coupa shall file a statement as to whether it agrees to a dismissal with prejudice.  If Coupa does not agree, then its motion for voluntary dismissal shall be withdrawn, and the Court shall issue its ruling on the motion for a preliminary injunction and proceed with DCR's motion for judgment on the pleadings.  *See Beard v. Sheet Metal Workers Union, Local 150*, 908 F.2d 474, 475-77 (9th Cir. 1990) (noting that Rule 41(a)(2) language effectively provides

///

///

///

///

///

8

1    "a reasonable period of time within which [either] to refuse the conditional voluntary dismissal by

2    withdrawing [the] motion for dismissal or to accept the dismissal despite the imposition of

3    conditions") (internal quotation marks omitted).

4         This order disposes of Docket No. 43.

5

6         **IT IS SO ORDERED**.

7

8    Dated: September 22, 2023

9

10   _____

11   EDWARD M. CHEN
     United States District Judge